IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
FIRST JUDICIAL DISTRICT

KAYLEY SANGER PLAINTIFF

VERSUS Civil Action No. 23-285

THE PERFECT CHILD LLC, THE PERFECT CHILD MSO LLC, GIFTED FUTURES MS LLC, GIFTED FUTURES ABA LLC, SIMPLY STARS ABA LLC, BRIGHTER FUTURES ABA LLC, BLUE SPECTRUM CANOPY LLC, ADROIT CHILDREN LLC, ECHOING MINDS ABA LLC, SIMCHA BUNIM BENDET AND JOHN DOES PERSON AND ENTITIES 1-5 DEFENDANTS

## COMPLAINT
## (Jury Trial Demanded)

This is a civil action to recover actual, compensatory, and punitive damages against the Defendants The Perfect Child LLC, The Perfect Child MSO LLC, Gifted Futures MS LLC, Gifted Futures ABA LLC, Simply Stars ABA LLC, Brighter Futures ABA LLC, Blue Spectrum Canopy LLC, Adroit Children LLC, Echoing Minds and Simcha Bunim Bendet and for reasonable costs, fees and expenses for retaliation, breach of contract, breach of good faith and fair dealing, fraudulent representation, negligent misrepresentation, defamation, false light, wrongful constructive termination in violation of Mississippi's public policy, gross negligence, recklessness, outrage, negligence, and negligent infliction of emotional distress. The plaintiff states the following in support of her claims.

### PARTIES

1. The plaintiff Kaley Sanger is an adult resident citizen of Harrison County, Mississippi.
2. The defendant The Perfect Child LLC is New York limited liability company not qualified to do business in Mississippi but which does business in this state. It may be served with process by service



EXHIBIT A

upon its agent/officer/member Simcha Bendet at 6040 Interstate 55 North Frontage Road, Jackson, Mississippi 39211.

3. The Defendant The Perfect Child MSO LLC New York limited liability company qualified to do business in Mississippi. It may be served with process by service upon its agent/officer/member Simcha Bendet at 6040 Interstate 55 North Frontage Road, Jackson, Mississippi 39211.

4. The Defendant Gifted Futures MS LLC is a Mississippi limited liability company. It may be served with process by service upon its agent/officer/member Simcha Bendet at 6040 Interstate 55 North Frontage Road, Jackson, Mississippi 39211.

5. The Defendant Gifted Futures ABA LLC is a New Jersey limited liability company qualified to do business in Mississippi. It may be served with process by service upon its agent/officer/member Simcha Bendet at 6040 Interstate 55 North Frontage Road, Jackson, Mississippi 39211.

6. The Defendant Simply Stars ABA LLC is New York limited liability company not qualified to do business in Mississippi but which does business in this state. It may be served with process by service upon its agent/officer/member Simcha Bendet at 6040 Interstate 55 North Frontage Road, Jackson, Mississippi 39211.

7. The Defendant Brighter Futures ABA LLC is a New York limited liability company not qualified to do business in Mississippi but which does business in this state. It may be served with process by service upon its agent/officer/member Simcha Bendet at 6040 Interstate 55 North Frontage Road, Jackson, Mississippi 39211.

8. The Defendant, Blue Spectrum Canopy LLC, is a New York limited liability company not qualified to do business in Mississippi but which does business in this state. It may be served with process by service upon its agent/officer/member Simcha Bendet at 6040 Interstate 55 North Frontage Road, Jackson, Mississippi 39211.

9. The Defendant Adroit Children LLC is a New Jersey limited liability company not qualified to do business in Mississippi but which does business in this state. It may be served with process by service upon its agent/officer/member Simcha Bendet at 6040 Interstate 55 North Frontage Road, Jackson, Mississippi 39211.

10. The Defendant Echoing Minds ABA LLC is a New York limited liability company not qualified to do business in Mississippi but which does business in this state. It may be served with process by service upon its agent/officer/member Simcha Bendet at 6040 Interstate 55 North Frontage Road, Jackson, Mississippi 39211.

11. The Defendant Simcha Bunim Bendet ("Simcha") is an adult resident citizen of Kings County, New York who may be served with process at his place of employment located at 6040 Interstate 55 North Frontage Road, Jackson, Mississippi 39211. Defendant's conduct was negligent, grossly negligent, outrageous, intentional, willful, malicious, deceitful and reckless. In short, he affirmatively and actively participated in, was involved with, aided and abetted, was in concert and conspiracy with the other Defendants and injured Plaintiff. Such conduct rises to the level of an independent tort.

12. The Defendants John Doe Persons and Entities 1 through 5 are agents, representatives, entities and/or persons acting at the direction of/in concert with Defendants and/or were otherwise responsible for/involved in the tortious conduct as set forth in this Complaint, the conduct of whom/which subjects them to individual liability under the laws of the State of Mississippi; and/or are alter egos of the named Defendants; and/or are corporations, individuals or other entities that caused or contributed to Plaintiff's damages as set-forth herein.

13. The Defendants' conduct was intentional, willful, malicious, reckless, and deceitful. Each Defendant affirmatively and actively participated in, was involved with, aided and abetted, ratified,

was in concert and conspiracy with the other Defendants in injuring Plaintiff. Each Defendant sued herein was the co-conspirator of the other and was acting within the course and scope of the conspiracy formed amongst each of them. Each Defendant sued herein aided and abetted the other with the intent that each would be successful in their mutual endeavors.

**JURISDICTION & VENUE**

14. The Court has jurisdiction over the subject matter of this action for damages within the monetary jurisdictional limits under Miss. Code Ann. § 9-7-81.

15. The Court has jurisdiction over the Defendants as they are limited liability companies qualified to do business and doing business in Mississippi or under Miss. Code. Ann § 13-3-57 as the defendants made a contract with a resident of this state to be performed in whole or in part in this state, committed a tort in whole or in part in this state against a resident of this state, or otherwise did business in this state.

16. Venue is proper in this court as a substantial alleged act or omission occurred or a substantial event that caused the plaintiff's injury occurred in this county and judicial district.

**FACTS**

17. Plaintiff began her employment with "The Perfect Child" on May 1, 2022 after receiving an employment offer dated April 10, 2022. **See Exhibit "A."** Plaintiff was offered "employment" with a company called The Perfect Child LLC as the Clinical Director. The Plaintiff reported directly to Defendant Simcha Bunim Bendet, Executive Director of The Perfect Child LLC, who served as the Plaintiff's supervisor. The Perfect Child LLC represented to Plaintiff that the benefits and reimbursements she would receive included 50% of health insurance plus 100% of dental and vision after 3 months of employment and a bonus structure within 60 days of employment.

18. Immediately upon becoming employed by The Perfect Child LLC, Plaintiff began

receiving wages through direct deposit; however, The Perfect Child LLC and other Defendants intentionally, willfully, fraudulently and recklessly failed to withhold any taxes, or other required deductions, as required under 26 USCS Sections 3402, 6672 and 7202. This intentional, willful, fraudulent and reckless failure to withhold any taxes, or other required deductions, as required under 26 USCS Sections 3402, 6672 and 7202 thereby caused increased tax liability for the Plaintiff.

19. The Perfect Child LLC utilized the Plaintiff and other Board Certified Behavior Analysts ("BCBA") to offer behavior analysis services to the public, including persons located within the State of Mississippi. The Perfect Child LLC operated through various companies and entities, including the Defendants named herein above, and utilized the BCBAs to submit billing to various insurance companies for payment. The Defendants, together and jointly, directed and controlled the billing process and the record keeping by the BCBAs and others rendering services on behalf of the Defendants.

20. Plaintiff worked as the Clinical Director for the Defendants and supervised BCBAs and Registered Behavior Technicians ("RBTs"). This supervision including review of work performed, records entered and notes. Due to the Defendants and the Plaintiff working in an environment subject to the Regulations set forth by the Mississippi Autism Board and the Ethical Standards of the Behavior Analyst Certification Board, the Plaintiff and Defendants operated in an environment subject to ethical and legal guidelines applicable to BCBAs and others offering behavior analysis services in the State of Mississippi. Defendant Simcha, individually and with authority from all Defendants (apparent and actual) affirmatively represented to Plaintiff that she would be authorized to fully comply with all statutory, regulatory and ethical rule and/or guideline required to properly and effectively serve as a BCBA. Plaintiff fully and completely relied upon the Defendants' affirmative representation and left her previous established employment and home, and relocated to

the State of Mississippi to be employed full-time and perform services on behalf of the Defendants.

21. At the beginning of the relationship between the Defendants and the Plaintiff and contrary to the "offer letter," Defendants improperly failed to withhold taxes to avoid paying federal taxes for wages paid to Plaintiff. Defendants further failed to pay any amount for health insurance dental insurance or vision insurance. At all times during Plaintiff's employment with the Defendants, Defendants managed, supervised, dictated and subjected the Plaintiff to their control as an "employee." Upon information and belief, Defendants conspired together to improperly classify employees as independent contractors to avoid taxes; thereby creating greater personal tax liability for the Plaintiff and other employees of the Defendants. When Defendants were questioned about this employee classification process, Defendants would simply state they were working through the process and continue their fraudulent activity.

22. In 2022 and through April 2023, Plaintiff worked under the direct supervision of the Defendant Simcha Bunim Bendet, who served as the owner, manager, member and executive director for the Defendants.

23. During the beginning of 2023 a billing issue arose when another BCBA questioned the removal of telehealth from the Catalyst billing system and BCBAs were not permitted to indicate or classify services provided as being through remote or telehealth methods. The BCBA employees of the Defendants, many of whom were under the supervision of the Plaintiff, and the Plaintiff expressed their concern over this billing change due to their ethical obligations to accurately document and bill for services provided. On March 27, 2023, a representative of The Perfect Child named Hop Tran emailed the BCBAs dictating that going forward there is no option to choose from the location in the SOAP (Subjective Objective Assessment Planning) Note and that BCBAs were to select the same place of service where the direct intervention took place, via home or clinic; and

that the same company policy applied to parent training. This company billing policy dictated by the Defendants upon the Plaintiff and other BCBAs caused great concern due to the fact that these BCBAs were required by their ethical standards to accurately bill and document their services and such a company policy dictated by the Defendants created a conflict between the company policy and the ethical requirements.

24. The Plaintiff raised these ethical concerns with the executive director Simcha on or about April 3, 2023 and he stated that he would not address the questions raised by the BCBAs, that he wanted the names of those BCBAs asking questions, that if a BCBA had a problem with the policy there are many other companies to work for, he was tired of hearing a "bullshit" complaint every 3 seconds, that no one cares how it is billed, and that these were questions from the uneducated. Based upon these responses from the executive director and her direct supervisor, Plaintiff continued to raise the issue of correctly noting telehealth in the records. Subsequent to informing Simcha that the Plaintiff trains BCBAs to note telehealth supervision in the notes, Simcha stated on April 4, 2023, that the Defendants would have a policy where the BCBAs would execute an affidavit indicating that all BCBA work was performed remotely, listing out the services and code,and these affidavits would be turned in monthly to the Defendants by the 7th of each month. Then on April 5, 2023 the director of quality assurance Adam Belkorchi again stated that an "affidavit" affirming telehealth would be submitted by the BCBAs. The Plaintiff believed and relied upon these statements made by the executive director and director of quality assurance.

25. By April 6, 2023, unknown to the Plaintiff, Defendants had fraudulently misrepresented to Plaintiff that they were making an effort to properly classify and bill for services provided remotely or by telehealth, in addition to properly withholding taxes for employees under her supervision. On this date, the Defendants presented Plaintiff with a letter agreement for the Plaintiff

for signature. **See Exhibit "B."** Based upon her belief and reliance upon the previous representations made by the Defendants that the improper billing issue and employee classification issues were resolved, Plaintiff signed the letter agreement on April 6, 2023. Prior to Plaintiff executing the letter agreement it was further affirmatively represented to the Plaintiff by the Simcha and the other Defendants that all ethical questions concerning employee classification and patient billing were "taken care of" and met all compliance guidelines. Relying upon the affirmative representations made by Simcha and the Defendants, the Plaintiff executed the "agreement" and began her role as a BCBA for Gifted Futures under the April 6, 2023 agreement. Pursuant to this agreement the Plaintiff was officially the Regional Clinical Director of Operations and she would oversee BCBAs in Gulf Coast Mississippi, Texas and Tennessee.

26. Based upon the representations and promises made by the Defendants, the Plaintiff moved from her home in Jackson Mississippi to Biloxi Mississippi to open and operate the Defendants' new office located at 963 Division Street, Biloxi, Mississippi. This move was made solely based upon the representations made by the Defendants that all irregularities and ethical issues were resolved. The Plaintiff would not have moved all of her belonging to Biloxi but for her reliance upon the representations made by the Defendants.

27. Subsequent to taking the role as a BCBA with Gifted Futures, Plaintiff learned that Defendants had not corrected the billing irregularities and were in fact now directing employees and therapist to make false statements in their notes so that "out-of-network" insurance providers would pay the billing invoices sent in by the Defendants. Further, it was disclosed to Plaintiff that the "back-office" billing and administration department had the ability to change the therapy notes to wrongfully and fraudulently state that certain therapy took place on-site in the home rather than through tele-health, which required a different "coding" by the therapist. These "back-office"

administrative employees were directed by the Defendants to alter the therapist notes and billing so that the Defendants could reap higher profits from the patients and insurance companies; despite the fact that these "back-office" employees had not performed any therapy, were not qualified to perform therapy and did not confer with the therapist to get authority to alter the therapy notes and coding. Plaintiff immediately raised these numerous ethical or licensing concerns with the Defendants, including Simcha Bunim Bendet; however, Defendants rebuked her and represented to her that the concerns were unfounded and all billing and record keeping were ethical and met with compliance standards.

28. Defendants specifically instructed Plaintiff and other BCBAs to change their therapy notes to indicate in-person therapy was provided in the home or office even if the therapy was remote and not in-person at home or in the office. Despite the instruction from Simcha and the other Defendants, Plaintiff refused to falsify the records.

29. If Plaintiff had falsified her therapy notes and records, she would have been guilty of fraud and unethical professional conduct. Further, it would have allowed Defendant to receive money under false pretenses in violation of Mississippi law.

30. The Defendants subjected Plaintiff to different terms and conditions of employment and overt harassment based on her stance on meeting the ethical and legal standards for treatment, record keeping and billing which created an objectively hostile work environment.

31. After repeated reporting of this unethical and fraudulent billing practice to the Defendants management, human resources and billing departments, Defendants took no action to alleviate or correct the unethical and fraudulent conduct. Instead, Defendants began firing employees who continued to raise concerns and refused to participate in the Defendants fraudulent billing scheme.

32. The Defendants knew that terminating Plaintiff without grounds during a time

fraudulent billing was coming to light within the companies was problematic and would have an adverse effect on Plaintiff's future employment opportunities, would likely cause her to be unable to obtain comparable employment, and was likely to affect her professional reputation.

33. On April 25, 2023, a representative of the federal government contacted the Plaintiff directly concerning the business practices of the Defendants. This communication caused the Plaintiff to suffer intense emotional stress and trauma.

34. After making her last inquiry into the Defendants' plan to address the issues of properly billing with accurate notes by certified therapist pursuant to the ethical guidelines required to be followed, the Defendants set up a meeting between Plaintiff and the human resources department to discuss Plaintiff's concerns. The meeting took place on April 28, 2023, and the Defendants continued to subject the Plaintiff to continued retaliation by the Defendants by having her region of supervision cut, refusing to allow her to access records necessary for the supervision of technicians/therapists, and otherwise subjecting her to retaliation and discriminatory terms and conditions of employment on the basis of reporting illegal, fraudulent and unethical record-keeping, tax withholding and insurance/client billing which created an objectively hostile work environment. Due to this retaliation and hostile work environment, as well as the Plaintiff's inability and unwillingness to participate in illegal, fraudulent and unethical record-keeping and billing, Plaintiff was constructively discharged and had no choice other than to resign from any form of relationship with the Defendants on April 28, 2023.

35. The Defendants, through Simcha Bendet, posted a defamatory statement on the internet stating "Ethical Standards by companies have been long spoken about in the last twelve months due to the entrance of Private Equity into the ABA Therapy field. Something that hasn't been spoken about though, is ethical violations of BCBAs. Last week, one of the BCBAs, a clinical director, who

works at The Perfect Child, abruptly resigned her position. The BCBA has reached out to other BCBAs, encouraging them to abruptly resign their positions by spreading malicious disinformation and slander, thereby affecting clients from proper services, and violating appropriate transition of care, and have abandoned their clients. BCBAs, what do you think the bast course of action would be? #ethics #bcbaethics #bacbethics" The statements made by the Defendants was untrue and defamatory, injuring the good reputation of the Plaintiff, in an intentional attempt to retaliate against the Plaintiff and damage her ability to work.

36. Immediately and without just cause or legal basis, Defendants brought forth an injunctive action in the Hinds County Chancery Court to prevent and interfere with the Plaintiff exercising her rights to communicate with current and former employees of the Defendants. This improper action by the Defendant clearly seeks to stomp out "concerted action" and the exercise of "protective rights" of the Plaintiff. By filing the action to enjoin the Plaintiff, the Defendants are simply utilizing bully tactics to prevent employees similar to the Plaintiff from reporting the illegal, fraudulent and unethical tax withholding, record-keeping and billing practices of the Defendants. This abuse of the legal process has caused the Plaintiff to incur legal fees and costs.

37. The Plaintiff's inquiries, complaints and questions to the Defendants concerning regarding the illegal, fraudulent and unethical tax with-holding, record-keeping and billing practices of the Defendants and the mismanagement of the billing department constituted speech on a matter of public concern which Plaintiff made as a citizen and a BCBA, and which was not a part of her job duties.

38. The actions of the Defendants towards Plaintiff were intentional and taken in willful disregard of Plaintiff's person, ability to work, reputation and protected rights.

39. The constructive termination of the Plaintiff by the Defendants constituted a malicious

and willful retaliatory act and breach of contract. Defendant is liable to Plaintiff for retaliation, breach of contract and tortious breach of contract.

40. Constructive terminating Plaintiff because she refused to participate in criminally illegal activity violated Mississippi's public policy.

41. Plaintiff suffered lost income and foreseeable mental anxiety and stress as a result of this retaliation and constructive termination.

## COUNT ONE: RETALIATION

42. Plaintiff incorporates and reasserts the allegations of preceding paragraphs.

43. The Defendants wrongfully retaliated against and discriminated against the Plaintiff on the basis of her reporting the illegal, criminal and unethical practices of the Defendants to her supervisor, and her refusal to participate or condone illegal, criminal, unethical billing and record-keeping practices.

44. As a direct and proximate result of the Defendants, and each of their, actions and conduct, Plaintiff has suffered, and continue to suffer, actual, economic and compensatory damages, including but not limited to economic losses, loss of ability to work, loss of opportunity; attorney's fees incurred in bringing this action; physical pain and suffering; severe emotional distress and mental anguish; anxiety; worry; and other damages to be shown at the trial of this matter (including, but not limited to, past, present and future medical expenses, loss of wages, etc.), for all of which Plaintiff is entitled to be compensated by these Defendants, jointly and severally, in an amount to be determined by a Jury at the trial of this matter.

45. The actions of Defendants, and each of them, as set forth in the preceding paragraphs were so outrageous and/or malicious as to shock the conscious of a reasonable person; proximately caused Plaintiff to suffer, and to continue to suffer, severe anxiety and emotional distress; and was

conduct Defendants knew, or should have known, would cause Plaintiff to suffer severe emotional distress. As a result of their outrageous conduct, Defendants, and each of them, are liable to Plaintiff for an amount of money sufficient to compensate them for their severe emotional distress, as well as punitive damages in amount sufficient to punish Defendants for their misconduct and deter Defendants, and others similarly situated, from engaging in similar behavior in the future.

46. The conduct of the Defendants, and each of them, as referenced in the preceding paragraphs, was done with gross negligence which evidences a willful, wanton or reckless disregard for the rights of others and committed actual fraud, making the Defendants, and each of them, liable to Plaintiff for punitive damages, under Miss. Code Ann. §11-1-65 and/or under the common law, in an amount to be determined by a Jury, but in an amount sufficient to punish Defendants for their misconduct, and to deter these Defendants, and others similarly situated, from engaging in such acts and conduct in the future.

**COUNT TWO: CONSTRUCTIVE WRONGFUL TERMINATION**

47. Plaintiff incorporates and reasserts the allegations of preceding paragraphs.

48. The Defendants wrongfully constructively terminated the Plaintiff because of her reporting the illegal, criminal and unethical practices of the Defendants to her supervisor, and her refusal to participate or condone illegal, criminal, unethical billing and record-keeping practices.

49. As a direct and proximate result of the Defendants, and each of their, actions and conduct, Plaintiff has suffered, and continue to suffer, actual, economic and compensatory damages, including but not limited to economic losses, loss of ability to work, loss of opportunity; attorney's fees incurred in bringing this action; physical pain and suffering; severe emotional distress and mental anguish; anxiety; worry; and other damages to be shown at the trial of this matter (including, but not limited to, past, present and future medical expenses, loss of wages, etc.),

for all of which Plaintiff is entitled to be compensated by these Defendants, jointly and severally, in an amount to be determined by a Jury at the trial of this matter.

50. The actions of Defendants, and each of them, as set forth in the preceding paragraphs were so outrageous and/or malicious as to shock the conscious of a reasonable person; proximately caused Plaintiff to suffer, and to continue to suffer, severe anxiety and emotional distress; and was conduct Defendants knew, or should have known, would cause Plaintiff to suffer severe emotional distress. As a result of their outrageous conduct, Defendants, and each of them, are liable to Plaintiff for an amount of money sufficient to compensate them for their severe emotional distress, as well as punitive damages in amount sufficient to punish Defendants for their misconduct and deter Defendants, and others similarly situated, from engaging in similar behavior in the future.

51. The conduct of the Defendants, and each of them, as referenced in the preceding paragraphs, was done with gross negligence which evidences a willful, wanton or reckless disregard for the rights of others and committed actual malice, making the Defendants, and each of them, liable to Plaintiff for punitive damages, under Miss. Code Ann. §11-1-65 and/or under the common law, in an amount to be determined by a Jury, but in an amount sufficient to punish Defendants for their misconduct, and to deter these Defendants, and others similarly situated, from engaging in such acts and conduct in the future.

**COUNT THREE: BREACH OF CONTRACT**

52. Plaintiff incorporates and reasserts the allegations of preceding paragraphs.

53. The Contract/Agreement between Defendants and Plaintiff was valid and binding and called for Defendants to act according to the terms and conditions of the agreement between the parties and established law. As set forth herein, Defendants breached the terms of (and otherwise acted in a manner inconsistent with/as to frustrate the purpose of the Contract and the justified

expectations of Plaintiff); and Plaintiff has been damaged monetarily as a result.

54. The Defendants failed to properly withhold taxes, pay for health insurance, dental insurance and vision insurance. Further, the Defendants failed to allow Plaintiff to perform her duties, employment and ethical.

55. As a result of these breaches, Plaintiff seeks and is entitled to all damages allowed under Mississippi law.

## COUNT FOUR: BREACH OF DUTIES OF GOOD FAITH AND FAIR DEALING

56. Plaintiff incorporates and reasserts the allegations of the preceding paragraphs.

57. At all times pertinent to the allegations of the Complaint, Defendants acted in a manner as to hinder or prevent performance (and failed to take the necessary affirmative steps to cooperate in achieving the goals) of the Contract/Agreement and were not faithful to the agreement between the parties, and the agreed purpose and the justified expectations of Plaintiff. All of this conduct violates the standards of decency, fairness and reasonableness such that Defendants have breached the duties of good faith and fair dealing.

58. As a result of these breaches, Plaintiff seeks and are entitled to all damages allowed under Mississippi law.

## COUNT FIVE: DEFAMATION

59. Plaintiff incorporates and reasserts the allegations of the preceding paragraphs.

60. Defendants' statements attacking the ethical standards of the Plaintiff were false and malicious, made to intimidate the Plaintiff and others from speaking out against the unethical, fraudulent and illegal business practices of the Defendants.

61. This publication was clearly and unmistakably false, defamatory and unprivileged; clearly and unmistakably directed at/of and concerning Plaintiff; and as a proximate, foreseeable result of Defendants' publication of false, defamatory material, Plaintiff's reputation was damaged, and she has suffered economic and non-economic damages to be proven at trial. Consequently, Plaintiff is entitled to all damages allowed under law.

**COUNT SIX: FALSE LIGHT**

62. Plaintiff incorporates and reasserts the allegations of the preceding paragraphs.

63. Defendants disclosed private information regarding Plaintiff that they knew or should have known would be highly offensive to a reasonable person and was not of legitimate public concern.

64. Defendants placed Plaintiff in a false light or position in the eyes of the public that would be highly offensive to a reasonable person (and in doing so either had knowledge (or acted in reckless disregard) as to the falsity of the publicized matter), i.e., made Plaintiff appear other than as she is and have her unreasonable and highly objectionable publicity that attributed to her characteristics, conduct or beliefs that are false and thus, placed her before the public in a false light position.

65. Further, Defendants falsely stated, without privilege and with knowledge of its falsity, that Plaintiff was unethical and had abandoned her clients/patients. Defendants made this disclosure for the purpose of attempting to harass and cause great emotional distress and embarrassment and ridicule to Plaintiff.

66. Defendants' conduct proximately caused Plaintiff damages to which she is entitled and for which she seeks compensation.

**COUNT SEVEN: GROSS NEGLIGENCE, RECKLESSNESS, and OUTRAGE**

67. Plaintiff incorporates and reasserts the allegations of the preceding paragraphs.

68. Defendants and its employees/agents had a duty to exercise due care in its handling of therapy notes, therapy codes, and to observe the legal and ethical guidelines of the BCBAs and other therapist engaged as employees or independent contractors with the Defendant companies. However, Defendants' conduct in the handling of therapy notes, therapy codes, and to observe the legal and ethical guidelines of the BCBAs and other therapist and the fraudulent, illegal and unethical manipulation of the notes and codes by the Defendants was grossly negligent and/or reckless (and/or made without privilege/legal authority).

69. Defendants and its employees/agents had a duty to exercise due care in its withholding of payroll taxes and deductions, as well as providing insurance benefits, of the therapist engaged as employees with the Defendant companies, including the Plaintiff. However, Defendants' conduct in the handling of withholding taxes and providing insurance benefits of the BCBAs and other therapist and the fraudulent and illegal failure to perform said duties by the Defendants was grossly negligent and/or reckless (and/or made without privilege/legal authority).

70. As a direct and proximate result of the Defendants, and each of their, actions and conduct, Plaintiff has suffered, and continue to suffer, actual, economic and compensatory damages, including but not limited to economic losses, attorney's fees incurred in bringing this action; physical pain and suffering; severe emotional distress and mental anguish; anxiety; worry; and other damages to be shown at the trial of this matter (including, but not limited to, past, present and future medical expenses, loss of wages, etc.), for all of which Plaintiff is entitled to be compensated by these Defendants, jointly and severally, in an amount to be determined by a Jury at the trial of this matter.

71. The actions of Defendants, and each of them, as set forth in the preceding paragraphs were so outrageous and/or malicious as to shock the conscious of a reasonable person; proximately

caused Plaintiff to suffer, and to continue to suffer, severe anxiety and emotional distress; and was conduct Defendants knew, or should have known, would cause Plaintiff to suffer severe emotional distress. As a result of their outrageous conduct, Defendants, and each of them, are liable to Plaintiff for an amount of money sufficient to compensate her for her severe emotional distress, as well as punitive damages in amount sufficient to punish Defendants for their misconduct and deter Defendants, and others similarly situated, from engaging in similar behavior in the future.

72. The conduct of the Defendants, and each of them, as referenced in the preceding paragraphs, was done with gross negligence which evidences a willful, wanton or reckless disregard for the rights of others and committed actual malice, making the Defendants, and each of them, liable to Plaintiff for punitive damages, under Miss. Code Ann. §11-1-65 and/or under the common law, in an amount to be determined by a Jury, but in an amount sufficient to punish Defendants for their misconduct, and to deter these Defendants, and others similarly situated, from engaging in such acts and conduct in the future.

**COUNT EIGHT: NEGLIGENCE/NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

73. Plaintiff incorporates and reasserts the allegations of the preceding paragraphs.

74. In the alternative, should it be consistent with the proof, the actions as alleged in the preceding paragraphs of the Complaint, *supra*, were the result of negligence on the part of the Defendants and its agent(s)/representative(s). That is, Defendants, at all times, owed Plaintiff a duty to exercise reasonable care including, but not limited to, in their business dealings. However, Defendants breached said duty. As a proximate and foreseeable result of Defendants' negligent actions, Plaintiff was damaged, resulting in extreme mental and emotional distress and other economic and non-economic damages (including mental and emotional distress) to be proven in

this litigation. Consequently, Plaintiff is entitled to and seeks an award of all damages allowed under the law and supported by the evidence.

**COUNT SEVEN: FRAUD, FRAUDULENT MISREPRESENTATION AND/OR OMISSION**

75. Plaintiff hereby adopts and incorporates by reference all preceding paragraphs.

76. Defendants, either on their own or through their agents, principals, dealers or affiliates intentionally, or with reckless disregard for the truth, made representations of material fact, including: that if Plaintiff became employed with Defendants as a BCBA she would be permitted to follow all statutory and ethical guidelines applicable, that the Defendants would permit her to properly train and supervise those employees subject to her supervision under the statutory and ethical guidelines, and Plaintiff would be over and supervise the Gulf Coast of Mississippi, Texas and Tennessee if she moved to Biloxi Mississippi; the Defendants made these material representations to Plaintiff knowing that they were false, misleading and deceptive representations to the Plaintiff and/or omitted to state material facts in connection with the Plaintiff agreeing to be a supervising BCBA with the Defendants and their affiliates.

77. At the time these representations were made by the Defendants, said representations were false, these Defendants knew they were false, and/or, with knowledge of the true facts, these Defendants recklessly misrepresented the facts, with the intention and expectation that they be acted on and relied upon by the Plaintiffs.

78. The Defendants fraudulently informed, or failed to inform, the Plaintiffs of the fraudulent, unethical and illegal business practices of the Defendants, intentionally misrepresented and/or failed to disclose material information relative to the Plaintiff serving as a supervising BCBA, and thereafter wrongfully withheld client/patient information and altered client/patient notes without Plaintiff's authorization or consent simply so the Defendants could collect more money from

insurance companies.

79. Plaintiff was unaware of the true facts and reasonably and justifiably relied upon the Defendants representations. In addition, under the same circumstances, Plaintiff continued her employment with the Defendants and moved to Biloxi Mississippi, unaware of the fact that the Defendants intended to continue their wrongful business practices after representing to the Plaintiff that all of the issues had been resolved.

80. The fraudulent misrepresentations by Defendants were known and deliberate and were purposely designed to deceive Plaintiff.

81. The misrepresentations by Defendants were material in that Plaintiff would not have continue employment with the Defendants nor would she have moved her belongings to Biloxi Mississippi.

82. As a consequence and proximate result of Defendants' fraud and fraudulent misrepresentations, Plaintiff has been proximately damaged in an amount to be proven at trial.

83. Defendants' fraudulent conduct was willful, wanton and malicious, thereby entitling Plaintiff to the recovery of punitive damages against Defendants.

**COUNT EIGHT: CIVIL CONSPIRACY**

84. Plaintiffs hereby adopt and incorporate by reference all preceding paragraphs.

85. Defendants entered into a civil conspiracy with each other to not withhold payroll taxes and to alter notes and records to bill insurance companies and clients for telehealth services.

86. All Defendants entered into a scheme to defraud or injure the Plaintiff and others as described herein.

87. As a direct and proximate result of the unlawful conspiracies, Plaintiff has been damaged in an amount to be proven at trial.

88. The acts, omissions and other conduct of Defendants alleged herein were deliberate, willful, wanton and malicious; thereby entitling Plaintiff to the recovery of punitive damages against Defendants.

## ALTER EGO CLAIMS

89. Plaintiffs incorporate by reference the preceding paragraphs.

90. Plaintiffs are asserting claims for compensatory and punitive damages against Defendants, Perfect Child LLC, The Perfect Child MSO LLC, Gifted Futures MS LLC, Gifted Futures ABA LLC, Simply Stars ABA LLC, Brighter Futures ABA LLC, Blue Spectrum Canopy LLC, Adroit Children LLC, and Echoing Minds. The Defendants improperly billed the work of the Plaintiff through various entities including but not limited to Defendants Perfect Child LLC, The Perfect Child MSO LLC, Gifted Futures MS LLC, Gifted Futures ABA LLC, Simply Stars ABA LLC, Brighter Futures ABA LLC, Blue Spectrum Canopy LLC, Adroit Children LLC, and Echoing Minds. Plaintiff asserts that Perfect Child LLC, The Perfect Child MSO LLC, Gifted Futures MS LLC, Gifted Futures ABA LLC, Simply Stars ABA LLC, Brighter Futures ABA LLC, Blue Spectrum Canopy LLC, Adroit Children LLC, and Echoing Minds operate as a single corporate entity and/or conglomeration of corporate affiliates, which is doing business in Mississippi as The Perfect Child and/or Gifted FutuRes, and which is reaping financial benefits from said business and is set up in a manner that allows for free flow of capital, services and other assets between the separately named entities, but which is also set up in a manner calculated to limit liability to any one of the separately named Defendants in the event of civil litigation.

91. Because of the relationship between Perfect Child LLC, The Perfect Child MSO LLC, Gifted Futures MS LLC, Gifted Futures ABA LLC, Simply Stars ABA LLC, Brighter Futures ABA LLC, Blue Spectrum Canopy LLC, Adroit Children LLC, and EchoingMinds, said entities are merely the

"alter egos" of each other, and the corporate identity of any one, or any one of their corporate affiliates, may not be used to limit the liability of the Defendants, or any of them, in this cause. Additionally, the net worth and financial condition of all the named Perfect Child LLC, The Perfect Child MSO LLC, Gifted Futures MS LLC, Gifted Futures ABA LLC, Simply Stars ABA LLC, Brighter Futures ABA LLC, Blue Spectrum Canopy LLC, Adroit Children LLC, and Echoing Minds entities and their affiliates must be considered cumulatively to get a true picture of the net worth of Perfect Child LLC, The Perfect Child MSO LLC, Gifted Futures MS LLC, Gifted Futures ABA LLC, Simply Stars ABA LLC, Brighter Futures ABA LLC, Blue Spectrum Canopy LLC, Adroit Children LLC, and Echoing Minds, and/or any one of them, and must be considered together in the event the issue of punitive damages is submitted to the Jury.

## RESERVATION OF CLAIMS

92. Plaintiff incorporates and reasserts the allegations of the preceding paragraphs.

93. As a result of Defendants' conduct as outlined herein, Plaintiff is without knowledge or information sufficient to form a belief as to whether other claims and damages may exist. However, contingent on the facts revealed by investigation and discovery, Plaintiff expressly reserves his right to raise any additional claims and assert any additional grounds as may be appropriate.

## DAMAGES

94. Plaintiff requests actual and punitive damages in an amount to be determined by a jury, for reasonable attorneys' fees, costs and expenses Plaintiff prays for the following relief:

a. Lost wages and benefits;

b. Compensatory damages for past and future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non- pecuniary losses;

c. Punitive damages; and

d. Reasonable costs and attorney's fees.

Respectfully submitted this 23rd day of May, 2023.

KAYLEY SANGER

By: ______________________________,
James M. Priest, Jr.,
Her attorney

Of Counsel:

Robert B. Ogletree, MB # 10427
Robert B. Ogletree, PLLC
1640 Lelia Drive, Ste. 105
Jackson, MS 39216
601-345-2900
rbogletree@gmail.com

James M. Priest, Jr., MB # 99352
Gill, Ladner & Priest, PLLC
344 Highway 51, Second Floor
Ridgeland, MS 39157
(601) 352-5700
jamie@glplawfirm.com

The Perfect Child
1255 E.31st street, Brooklyn, NY, 11210
Phone: 888 320 3222 Fax: 718-677-5909 Email:
Info@tpcaba.com/Gtaba@tpcaba.com

Date: 04/10/2022

Dear Kayley Sanger:

Thank you for interviewing with us. We would like to formally extend an offer to you to work with us at The Perfect Child.

The following is what was discussed between Simcha Bendet and you during the interview process. If you are interested in taking the position, please confirm with us by replying to this email. Below is the pertinent information about the position and our company.

Name: Kayler Sanger

THE PERFECT CHILD

TPC

Company Name: The Perfect Child LLC
Official offer beginning date: 05/01/2022
Job Title: Clinical Director

Yearly Salary: $110,000.00

Benefits and reimbursements: 50% of health insurance plus 100% of dental and vision after 3 month of employment, bonus structure within 60 days of employment, covered relocation expenses not limited to $2500 of moving fees, $1580 of rent and other expenses needed for the move.

Should you need further information, please do not hesitate to contact me directly. Sincerely,

Simcha Bendet
Simcha Bendet

Executive Director

info@tpcaba.com

EXHIBIT
tabbies
A

GIFTED FUTURES

Kayley Sanger

Dear Kayley,

We are pleased to offer you the position of Regional Clinical Director of Operations at Gifted Futures ABA, LLC representing our parent company The Perfect Child, LLC. Below you will find a detailed summary of the terms and benefits of your employment with us. Please review them carefully, before signing the acceptance acknowledgment.

In your role of Regional Clinical Director of Operations, you will be responsible for: Overseeing BCBA in Gulf Coast Mississippi, Texas, and Tennessee. Monitor clients in your designated regions, ensuring that the therapeutic needs of the clients are being met. Analyze clinical data to ensure that the interventions created are effective in creating the desired behavioral change for the client. Oversee clinical training for clinical staff in your regions. Offer support for clinical staff in your regions. Coordinate with the Staffing Team regarding proper staffing/ staffing changes in your regions. Keep an open line of communication with the Client Relations Team regarding any direct communication with the families.

You will begin your position as Regional Clinical Director of Operations immediately. Your salary is: $ 136,500 per year, paid in bi-weekly increments. As previously agreed, we will cover the first relocation in full, and for the second relocation, to the Gulf Coast, we will pay up to $1,500 of the moving expenses. Any further moves will not be sponsored by the company. We will back pay mileage, for the travel so far, and will reimburse mileage at $0.58/mile moving forward, until re-location to Gulf Coast on May 1, 2023. We will also re-imburse CEU up to $150 year, and fully pay for one conference per year.

Paid Time Off (PTO):

- 3 weeks Paid Vacation
- 10 Sick Days
- 2 Personal Days
- 10 Holidays

Gifted Futures offers a benefits program to our full-time employees, which includes health, dental, vision and 401k benefits. The company will pay 50% of premium for your Health benefits, and 100% of premium for Dental and Vision. Should you choose to opt in our 401k plan, the company will match up to 3% of contributions after your first year of employment with us. The above-mentioned benefits will be available to you after successfully completing the 90-day probation period.

Your employment with Gifted Futures ABA, LLC/The Perfect Child, LLC will be on an at-will basis, meaning that either you or the Company may terminate your employment, at any time for any reason or without reason, and with or without notice.

EXHIBIT

B

GIFTED FUTURES

Please carefully review this letter before signing and returning it to me. Please make sure that you have all applicable documentation filled out and submitted as soon as you can.

We are delighted to be able to extend this offer and look forward to working with you. We are confident that you will find your experience with our company to be rewarding and enriching and that you will have a successful career with us here at Gifted Futures ABA, LLC/ The Perfect Child LLC. Please do not hesitate to reach out to hr@tpcaba.com with any questions or concerns you may have.

Sincerely.

I. Chikolareva

Ivanina Chikolareva
Director of HR

Please sign this letter and return a copy to me within three (3) calendar days.

My signature below acknowledges that the terms and conditions outlined in this letter have been reviewed and accepted.

Kayley Sanger ____________________ 4/6/2023 ____________________

Kayley Sanger Date

IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
FIRST JUDICIAL DISTRICT

KAYLEY SANGER PLAINTIFF

v. Civil Action No. 23-285

THE PERFECT CHILD, LLC, *et al.* DEFENDANTS

**SUMMONS**

THE STATE OF MISSISSIPPI

TO: Simcha Bunim Bendet
6040 Interstate 55 North Frontage Road
Jackson, Mississippi 39211

NOTICE TO DEFENDANT(S)

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

You are required to mail or hand-deliver a copy of a written response to the Complaint to James M. Priest, Jr., the attorney for the Plaintiff, whose street address is Gill, Ladner & Priest, PLLC, 344 Highway 51, Second Floor, Ridgeland, Mississippi 39157. Your response must be mailed or delivered within thirty (30) days from the date of delivery of this summons and complaint or a judgment by default will be entered against you for the money or other things demanded in the complaint.

You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

Issued under my hand and the seal of said Court, this 23rd day of May, 2023.

(Seal) CIRCUIT COURT HINDS COUNTY, MS

ZACK WALLACE,
CIRCUIT CLERK

By: [signature]
Deputy Clerk

IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
FIRST JUDICIAL DISTRICT

KAYLEY SANGER PLAINTIFF

v. Civil Action No. 23-285

THE PERFECT CHILD, LLC, *et al.* DEFENDANTS

**SUMMONS**

THE STATE OF MISSISSIPPI

TO: Simcha Bendet, Agent for
Echoing Minds ABA LLC
6040 Interstate 55 North Frontage Road
Jackson, Mississippi 39211

NOTICE TO DEFENDANT(S)

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

You are required to mail or hand-deliver a copy of a written response to the Complaint to James M. Priest, Jr., the attorney for the Plaintiff, whose street address is Gill, Ladner & Priest, PLLC, 344 Highway 51, Second Floor, Ridgeland, Mississippi 39157. Your response must be mailed or delivered within thirty (30) days from the date of delivery of this summons and complaint or a judgment by default will be entered against you for the money or other things demanded in the complaint.

You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

Issued under my hand and the seal of said Court, this 23rd day of May, 2023.




(Seal)

ZACK WALLACE,
CIRCUIT CLERK

By: ______________________
Deputy Clerk

IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
FIRST JUDICIAL DISTRICT

KAYLEY SANGER PLAINTIFF

v. Civil Action No. 23-285

THE PERFECT CHILD, LLC, *et al.* DEFENDANTS

**SUMMONS**

THE STATE OF MISSISSIPPI

TO: Simcha Bendet, Agent for
The Perfect Child, LLC
6040 Interstate 55 North Frontage Road
Jackson, Mississippi 39211

NOTICE TO DEFENDANT(S)

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

You are required to mail or hand-deliver a copy of a written response to the Complaint to James M. Priest, Jr., the attorney for the Plaintiff, whose street address is Gill, Ladner & Priest, PLLC, 344 Highway 51, Second Floor, Ridgeland, Mississippi 39157. Your response must be mailed or delivered within thirty (30) days from the date of delivery of this summons and complaint or a judgment by default will be entered against you for the money or other things demanded in the complaint.

You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

Issued under my hand and the seal of said Court, this 23rd day of May, 2023.

ZACK WALLACE,
CIRCUIT CLERK

(Seal)

CIRCUIT COURT HINDS COUNTY, MISS.

By: [signature]
Deputy Clerk

IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
FIRST JUDICIAL DISTRICT

KAYLEY SANGER PLAINTIFF

v. Civil Action No. 23-285

THE PERFECT CHILD, LLC, *et al.* DEFENDANTS

**SUMMONS**

THE STATE OF MISSISSIPPI

TO: Simcha Bendet, Agent for
Adroit Children LLC
6040 Interstate 55 North Frontage Road
Jackson, Mississippi 39211

NOTICE TO DEFENDANT(S)

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

You are required to mail or hand-deliver a copy of a written response to the Complaint to James M. Priest, Jr., the attorney for the Plaintiff, whose street address is Gill, Ladner & Priest, PLLC, 344 Highway 51, Second Floor, Ridgeland, Mississippi 39157. Your response must be mailed or delivered within thirty (30) days from the date of delivery of this summons and complaint or a judgment by default will be entered against you for the money or other things demanded in the complaint.

You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

Issued under my hand and the seal of said Court, this 23rd day of May, 2023.

(Seal)

ZACK WALLACE,
CIRCUIT CLERK

By: KJC
Deputy Clerk

IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
FIRST JUDICIAL DISTRICT

KAYLEY SANGER PLAINTIFF

v. Civil Action No. 23-285

THE PERFECT CHILD, LLC, *et al.* DEFENDANTS

**SUMMONS**

THE STATE OF MISSISSIPPI

TO: Simcha Bendet, Agent for
The Perfect Child MSO LLC
6040 Interstate 55 North Frontage Road
Jackson, Mississippi 39211

NOTICE TO DEFENDANT(S)

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

You are required to mail or hand-deliver a copy of a written response to the Complaint to James M. Priest, Jr., the attorney for the Plaintiff, whose street address is Gill, Ladner & Priest, PLLC, 344 Highway 51, Second Floor, Ridgeland, Mississippi 39157. Your response must be mailed or delivered within thirty (30) days from the date of delivery of this summons and complaint or a judgment by default will be entered against you for the money or other things demanded in the complaint.

You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

Issued under my hand and the seal of said Court, this 23rd day of May, 2023.

ZACK WALLACE,
CIRCUIT CLERK

(Seal)

By: ______________________
Deputy Clerk

IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
FIRST JUDICIAL DISTRICT

KAYLEY SANGER PLAINTIFF

v. Civil Action No. 23-285

THE PERFECT CHILD, LLC, *et al.* DEFENDANTS

**SUMMONS**

THE STATE OF MISSISSIPPI

TO: Simcha Bendet, Agent for
Gifted Futures MS LLC
6040 Interstate 55 North Frontage Road
Jackson, Mississippi 39211

NOTICE TO DEFENDANT(S)

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

You are required to mail or hand-deliver a copy of a written response to the Complaint to James M. Priest, Jr., the attorney for the Plaintiff, whose street address is Gill, Ladner & Priest, PLLC, 344 Highway 51, Second Floor, Ridgeland, Mississippi 39157. Your response must be mailed or delivered within thirty (30) days from the date of delivery of this summons and complaint or a judgment by default will be entered against you for the money or other things demanded in the complaint.

You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

Issued under my hand and the seal of said Court, this 23rd day of May, 2023.

ZACK WALLACE,
CIRCUIT CLERK

(Seal) CIRCUIT COURT HINDS COUNTY, MISS.

By: ______________________
Deputy Clerk

IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
FIRST JUDICIAL DISTRICT

KAYLEY SANGER PLAINTIFF

v. Civil Action No. 23-285

THE PERFECT CHILD, LLC, *et al.* DEFENDANTS

**SUMMONS**

THE STATE OF MISSISSIPPI

TO: Simcha Bendet, Agent for
Blue Spectrum Canopy LLC
6040 Interstate 55 North Frontage Road
Jackson, Mississippi 39211

NOTICE TO DEFENDANT(S)

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

You are required to mail or hand-deliver a copy of a written response to the Complaint to James M. Priest, Jr., the attorney for the Plaintiff, whose street address is Gill, Ladner & Priest, PLLC, 344 Highway 51, Second Floor, Ridgeland, Mississippi 39157. Your response must be mailed or delivered within thirty (30) days from the date of delivery of this summons and complaint or a judgment by default will be entered against you for the money or other things demanded in the complaint.

You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

Issued under my hand and the seal of said Court, this 23rd day of May, 2023.

(Seal) CIRCUIT COURT HINDS COUNTY, MS

ZACK WALLACE,
CIRCUIT CLERK

By: KAC
Deputy Clerk

IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
FIRST JUDICIAL DISTRICT

KAYLEY SANGER PLAINTIFF

v. Civil Action No. 23-285

THE PERFECT CHILD, LLC, *et al.* DEFENDANTS

**SUMMONS**

THE STATE OF MISSISSIPPI

TO: Simcha Bendet, Agent for
Gifted Futures ABA LLC
6040 Interstate 55 North Frontage Road
Jackson, Mississippi 39211

NOTICE TO DEFENDANT(S)

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

You are required to mail or hand-deliver a copy of a written response to the Complaint to James M. Priest, Jr., the attorney for the Plaintiff, whose street address is Gill, Ladner & Priest, PLLC, 344 Highway 51, Second Floor, Ridgeland, Mississippi 39157. Your response must be mailed or delivered within thirty (30) days from the date of delivery of this summons and complaint or a judgment by default will be entered against you for the money or other things demanded in the complaint.

You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

Issued under my hand and the seal of said Court, this 23rd day of May, 2023.

ZACK WALLACE,
CIRCUIT CLERK

(Seal)

CIRCUIT COURT HINDS COUNTY, MISS.

By: ______________________
Deputy Clerk

IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
FIRST JUDICIAL DISTRICT

KAYLEY SANGER PLAINTIFF

v. Civil Action No. 23-285

THE PERFECT CHILD, LLC, *et al.* DEFENDANTS

**SUMMONS**

THE STATE OF MISSISSIPPI

TO: Simcha Bendet, Agent for
Simply Stars ABA LLC
6040 Interstate 55 North Frontage Road
Jackson, Mississippi 39211

NOTICE TO DEFENDANT(S)

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

You are required to mail or hand-deliver a copy of a written response to the Complaint to James M. Priest, Jr., the attorney for the Plaintiff, whose street address is Gill, Ladner & Priest, PLLC, 344 Highway 51, Second Floor, Ridgeland, Mississippi 39157. Your response must be mailed or delivered within thirty (30) days from the date of delivery of this summons and complaint or a judgment by default will be entered against you for the money or other things demanded in the complaint.

You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

Issued under my hand and the seal of said Court, this 23rd day of May, 2023.

ZACK WALLACE,
CIRCUIT CLERK

(Seal) CIRCUIT COURT HINDS COUNTY, MISS.

By: ______________________
Deputy Clerk

IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
FIRST JUDICIAL DISTRICT

KAYLEY SANGER PLAINTIFF

v. Civil Action No. 23-285

THE PERFECT CHILD, LLC, *et al.* DEFENDANTS

**SUMMONS**

THE STATE OF MISSISSIPPI

TO: Simcha Bendet, Agent for
Brighter Futures ABA LLC
6040 Interstate 55 North Frontage Road
Jackson, Mississippi 39211

NOTICE TO DEFENDANT(S)

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

You are required to mail or hand-deliver a copy of a written response to the Complaint to James M. Priest, Jr., the attorney for the Plaintiff, whose street address is Gill, Ladner & Priest, PLLC, 344 Highway 51, Second Floor, Ridgeland, Mississippi 39157. Your response must be mailed or delivered within thirty (30) days from the date of delivery of this summons and complaint or a judgment by default will be entered against you for the money or other things demanded in the complaint.

You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

Issued under my hand and the seal of said Court, this 23rd day of May, 2023.

ZACK WALLACE,
CIRCUIT CLERK

(Seal) CIRCUIT COURT HINDS COUNTY, MISS.

By: ______________________
Deputy Clerk